**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| AUTH TOKEN LLC,<br><br>   Plaintiff,<br><br>v.<br><br>FISERV, INC.,<br><br>   Defendant. | Civil Action No.: 1:22-cv-00420-RP<br><br>TRIAL BY JURY DEMANDED |

**ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Fiserv, Inc. hereby files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Auth Token LLC's ("Auth Token" or "Plaintiff") July 6, 2022 amended Complaint for Patent Infringement ("Complaint") (Dkt. 12).

**ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**

To the extent any allegations in the Complaint are not specifically admitted herein, Defendant denies such allegations.

1. No response is required.

**PARTIES**

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint and therefore denies the allegations of Paragraph 2 on that basis.

3. Defendant admits it is organized under the laws of Wisconsin, has a principle place of business located at 255 Fiserv Drive, Brookfield, WI 53045, maintains a place of business at 8310 North Capital of Texas Hwy, Prominent Pointe, Bldg 2, Suite 250, Austin TX 78731, and

that it has a registered agent for service of process. The remaining allegations of Paragraph 3 are denied.

## JURISDICTION

4. Paragraph 4 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies any allegation that Defendant has committed any act of patent infringement.

5. Paragraph 5 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 5.

6. Defendant admits that it has a place of business in this District. The remaining allegations of Paragraph 6 are denied.

## VENUE

7. Defendant denies the allegations of Paragraph 7.

## PATENT-IN-SUIT

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and therefore denies the allegations in Paragraph 8.

## THE '212 PATENT

9. Defendant admits that United States Patent Number 8,375,212 ("the '212 Patent") states on its face that it is titled "Method for personalizing an authentication token." Defendant admits that the '212 Patent states on its face that it was issued by the United States Patent and Trademark Office on February 12, 2013. Defendant admits that the '212 Patent states on its face that United States Patent Application Number 12/978,754 was filed on December 27, 2010. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9 and therefore denies the remaining allegations in Paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 and therefore denies the allegations in Paragraph 10.

11. Paragraph 11 asserts a legal conclusion to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and therefore denies the allegations of Paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and therefore denies the allegations in Paragraph 12.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 and therefore denies the allegations in Paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 and therefore denies the allegations in Paragraph 14.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 and therefore denies the allegations in Paragraph 15.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 and therefore denies the allegations in Paragraph 16.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and therefore denies the allegations in Paragraph 17.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and therefore denies the allegations in Paragraph 18.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and therefore denies the allegations in Paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth

of the allegations in Paragraph 20 and therefore denies the allegations in Paragraph 20

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and therefore denies the allegations in Paragraph 21.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and therefore denies the allegations in Paragraph 22.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and therefore denies the allegations in Paragraph 23.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and therefore denies the allegations in Paragraph 24.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and therefore denies the allegations in Paragraph 25.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and therefore denies the allegations in Paragraph 26.

27. Defendant admits that what Paragraph 27 accurately sets forth Claim 1 of what appears to be a copy of the '212 Patent attached to the Complaint as Exhibit 1.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and therefore denies the allegations in Paragraph 28.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 and therefore denies the allegations in Paragraph 29.

30. To the extent that Paragraph 30 states a legal conclusion, it is denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 30 and therefore denies the remaining allegations in Paragraph 30.

31. Paragraph 31 asserts a legal conclusion to which no response is required. To the

extent that a response is required, the allegations of Paragraph 31 are denied.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and therefore denies the allegations in Paragraph 32.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and therefore denies the allegations in Paragraph 33.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 and therefore denies the allegations in Paragraph 34.

35. Paragraph 35 asserts a legal conclusion to which no response is required. To the extent that a response is required, the allegations of Paragraph 35 are denied.

36. Paragraph 36 asserts a legal conclusion to which no response is required. To the extent that a response is required, the allegations of Paragraph 36 are denied.

37. Paragraph 37 asserts a legal conclusion to which no response is required. To the extent that a response is required, the allegations of Paragraph 37 are denied.

38. Paragraph 38 asserts a legal conclusion to which no response is required. To the extent that a response is required, the allegations of Paragraph 38 are denied.

39. Defendant denies the allegations of Paragraph 39 as written.

40. Paragraph 40 asserts a legal conclusion to which no response is required. To the extent that a response is required, the allegations of Paragraph 40 are denied.

41. Paragraph 41 asserts a legal conclusion to which no response is required. To the extent that a response is required, the allegations of Paragraph 41 are denied.

42. Paragraph 42 asserts a legal conclusion to which no response is required. To the extent that a response is required, the allegations of Paragraph 42 are denied.

### COUNT 1: DIRECT INFRINGEMENT OF THE '212 PATENT

43. No response to Paragraph 43 of the Complaint is required.

44. Defendant denies the allegation of Paragraph 44 as written.

45. Defendant denies the allegations of Paragraph 45.

46. Defendant denies the allegations of Paragraph 46.

47. Defendant denies the allegations of Paragraph 47.

48. Defendant denies the allegations of Paragraph 48.

49. Defendant denies the allegations of Paragraph 49.

### COUNT 2: INDUCED INFRINGEMENT OF THE '212 PATENT

50. No response to Paragraph 50 of the Complaint is required.

51. Defendant denies the allegations of Paragraph 51.

52. Defendant denies the allegations of Paragraph 52.

53. Defendant denies the allegations of Paragraph 53.

54. No response to Paragraph 54 is required. To the extent that a response is required, the allegations of Paragraph 54 are denied.

55. Defendant denies the allegations of Paragraph 55.

### JURY DEMAND

56. No response to Paragraph 56 is required.

### PRAYER FOR RELIEF

Plaintiff's Prayer for Relief is denied in its entirety.

### **AFFIRMATIVE DEFENSES**

Subject to the responses above, Defendant alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to its responses above, Defendant reserves the right to

modify, amend, and/or expand upon these defenses as discovery proceeds, and to allege additional defenses that become known through the course of discovery. Defendant in no way waives any defense or argument asserted pursuant to, among others, Rule 11 of the Federal Rules of Civil Procedure, or any other argument or defense it may have at law or in equity.

### FIRST AFFIRMATIVE DEFENSE
### (Non-infringement)

1. Plaintiff's claims are barred in whole or in part because Defendant has not directly or indirectly infringed and does not directly or indirectly infringe any valid and enforceable claim of the Asserted Patent, either literally or under the doctrine of equivalents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

2. Plaintiff's claims are barred in whole or in part because each asserted claim of the Asserted Patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101 et seq. and/or any other applicable statutory provisions of Title 35 of the United States Code.

### THIRD AFFIRMATIVE DEFENSE
### (Limitation of Remedies)

3. Plaintiff's remedies are limited under 28 U.S.C. § 1498(a). Defendant is not liable to the extent the accused devices were used or manufactured by or for the United States, or to the extent accused activities were undertaken on behalf of the United States, according to at least 28 U.S.C. § 1498.

### FOURTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

4. To the extent that Plaintiff and/or any predecessors in interest or any licensees to the Asserted Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise failed to give proper notice that Defendant's actions allegedly

infringe the Asserted Patent, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant received actual notice that the accused devices were allegedly infringing the Asserted Patent.

5. Plaintiff's recovery is limited under 35 U.S.C. § 286. Plaintiff may not recover for any alleged infringement committed more than six years prior to the filing of the Complaint.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

6. Plaintiff's claims are barred in whole or in part by reason of estoppel. For example, Plaintiff is estopped from construing any valid claim of the Asserted Patent to be infringed or to have been infringed, either literally or by application of the doctrine of equivalents, by any product made, used, imported, sold, or offered for sale by Defendant in view of prior art and/or because of admissions, representations, and/or statements made to the Patent Office during prosecution of any application leading to the issuance of the Asserted Patent or any related patent, because of disclosures or language in the specifications of the Asserted Patent, and/or because of limitations in the claims of the Asserted Patent.

## SIXTH AFFIRMATIVE DEFENSE
### (Exhaustion, License)

7. Plaintiff's claims for patent infringement are precluded, in whole or in part, by the doctrines of express license, implied license, and/or exhaustion. For example, upon information and belief, one or more of Defendant's suppliers of components implicated by Plaintiff's infringement allegations are licensed and/or authorized to practice the Asserted Patent. Accordingly, to the extent that any agreement between Plaintiff and any such supplier extends rights to Defendant and/or any accused products, the doctrines of express license and/or implied license preclude Plaintiff's claims for patent infringement. Further, to the extent the claims of one

or more of the Asserted Patent are substantially embodied by a component purchased by or for Defendant from a seller authorized by Plaintiff, Plaintiff's patent rights are exhausted.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

8. Plaintiff's Complaint fails to state a claim upon which relief can be granted and should thus be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## RESERVATION OF ADDITIONAL DEFENSES

Defendant reserves the right to assert additional defenses that become apparent during discovery, including, but not limited to, the defenses of unclean hands, patent misuse, waiver, equitable estoppel, and inequitable conduct.

## COUNTERCLAIMS

Defendant/Counterclaim Plaintiff Fiserv, Inc. asserts the following Counterclaims against Plaintiff/Counterclaim Defendant Auth Token LLC ("Auth Token") and alleges as follows:

## PARTIES

1. Fiserv, Inc. is a corporation organized and existing under the laws of the State of Wisconsin with a principal place of business located at 255 Fiserv Drive, Brookfield, WI 53045.

2. Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Auth Token, Auth Token is a Delaware limited liability corporation having an address at 261 West 35th St., Suite 1003, New York, NY 10001.

## JURISDICTION

3. Fiserv incorporates by reference Counterclaim Paragraphs 1-2 above.

4. Fiserv's Counterclaims arise under the patent laws of the United States, Title 35 of the United States Code. The jurisdiction of this Court is proper under at least 25 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

5. Based solely on Auth Token's filing of this action, Auth Token has consented to the personal jurisdiction of this Court.

6. Based solely on Auth Token's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant to at least 28 U.S.C. § 1391.

### COUNT I: DECLARATION REGARDING NON-INFRINGEMENT

7. Fiserv incorporates by reference Counterclaim Paragraphs 1-6 above.

8. Based solely on Auth Token's filing of this action and Fiserv's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Fiserv infringes U.S. Patent No. 8,375,212 ("Asserted Patent").

9. Fiserv does not infringe at least Claim 1 of the '212 Patent because, *inter alia*, the "Accused Instrumentality" does not perform the steps of: (1) "entering by the authentication token into personalization mode;" (2) "requesting from the authentication token, by a personalization device in communication with the authentication token, a serial number of the authentication token;" (3) "encrypting by the personalization device the serial number using a personalization key, and forwarding the encrypted serial number to the authentication token from the personalization device;" (4) "decrypting by the authentication token of the encrypted serial number, and validating by the authentication token that the personalization key is correct;" (5) "establishing an encrypted session between the authentication token and the personalization device using a transport key;" (6) "sending to the authentication token, by the personalization device, an initial seed value and an initial secret key using the transport key to encrypt the initial seed value and the initial secret key, the initial seed value and the initial secret key for facilitating an initial interaction between the authentication token and an interface device;" or (7) "storing by the authentication token the initial seed value and the initial secret key after decryption thereof by the authentication

token using the transport key, wherein, once the authentication token is personalized with the initial seed value and the initial secret key, the authentication token can no longer enter the personalization mode."

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fiserv requests a declaration by the Court that Fiserv has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any claim of the Asserted Patent.

## COUNT II: DECLARATION REGARDING INVALIDITY

11. Fiserv incorporates by reference Paragraphs 1-10 above.

12. Based on the filing of this action and at least Fiserv's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Asserted Patent.

13. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Fiserv requests a declaration by the Court that the claims of the Asserted Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101 et seq., and the rules regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiff Fiserv, Inc. prays that this Court enter judgment in its favor and against Counterclaim Defendant Auth Token by granting the following relief:

a) a declaration that Fiserv does not infringe any valid claim of the Asserted Patent that may be enforceable;

b) a declaration that the Asserted Patent is invalid;

c) a declaration that Auth Token take nothing by its Complaint;

d) judgment against Auth Token and in favor or Fiserv;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Fiserv of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## JURY DEMAND

Defendant demands a trial by jury on all claims and defenses so triable.

August 1, 2022

Respectfully submitted,

/s/  J. Stephen Ravel_____
J. Stephen Ravel
Texas State Bar No. 16584975
Kelly Ransom
Texas State Bar No. 24109427
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Fax: (512) 495-6401
Email: steve.ravel@kellyhart.com
Email: kelly.ransom@kellyhart.com

***Attorneys for Defendant Fiserv, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on August 1, 2022.

/s/  J. Stephen Ravel_____