IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **AUTH TOKEN LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**FISERV, INC.,**<br><br>Defendant. | Case No. 1:22-cv-00420-RP<br><br>Patent Case<br><br>Jury Trial Demanded |

### PLAINTIFF AUTH TOKEN LLC'S ANSWER TO DEFENDANT FISERV, INC.'S COUNTERCLAIMS

Now comes Plaintiff and Counterclaim Defendant, Auth Token LLC ("Plaintiff" or "Counterclaim Defendant"), by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 12, without admission of the legal sufficiency thereof and responding only to the factual allegations therein, and states as follows for its Answer and Defenses to Defendant and Counterclaim Plaintiff Fiserv, Inc.'s ("Defendant" or "Counterclaim Plaintiff") Counterclaims (D.E. 14) (hereafter the "Counterclaims") as follows:

### PARTIES

1. Counterclaim Defendant admits the allegations contained in Paragraph 1 of Counterclaim Plaintiff's Counterclaims.

2. Counterclaim Defendant admits the allegations contained in Paragraph 2 of Counterclaim Plaintiff's Counterclaims.

### JURISDICTION

3. Counterclaim Defendant incorporates by reference each of its answers in paragraphs 1-2 above.

4. Counterclaim Defendant admits the allegations contained in Paragraph 4 of

Counterclaim Plaintiff's Counterclaims.

5. Counterclaim Defendant admits the allegations contained in Paragraph 5 of Counterclaim Plaintiff's Counterclaims.

6. Counterclaim Defendant admits that venue is proper but denies that it is not convenient as contained in Paragraph 6 of Counterclaim Plaintiff's Counterclaims.

## FIRST COUNTERCLAIM

7. Counterclaim Defendant incorporates by reference each of its answers in paragraphs 1-6 above and denies any allegations that may have been levied in any preceding Counterclaim heading.

8. Counterclaim Defendant admits the allegations contained in Paragraph 8 of Counterclaim Plaintiff's Counterclaims.

9. Counterclaim Defendant denies the allegations contained in Paragraph 9 of Counterclaim Plaintiff's Counterclaims.

10. The allegations contained in Paragraph 10 are bare legal conclusions, to which no answer is required. To the extent an answer is required, Counterclaim Defendant denies the allegations contained in Paragraph 10 of Counterclaim Plaintiff's Counterclaims and further denies that Counterclaim Plaintiff is entitled to any relief.

## SECOND COUNTERCLAIM

11. Counterclaim Defendant incorporates by reference each of its answers in paragraphs 1-10 above and denies any allegations that may have been levied in any preceding Counterclaim heading.

12. Counterclaim Defendant admits the allegations contained in Paragraph 12 of Counterclaim Plaintiff's Counterclaims.

13. The allegations contained in Paragraph 13 are bare legal conclusions, to which no answer is required. To the extent an answer is required, Counterclaim Defendant denies the allegations contained in Paragraph 13 of Counterclaim Plaintiff's Counterclaims and further denies that Counterclaim Plaintiff is entitled to any relief.

### DEFENDANT/COUNTERCLAIM PLAINTIFF'S REQUEST FOR RELIEF

Counterclaim Defendant denies that Counterclaim Plaintiff is entitled to any relief from Counterclaim Defendant and denies all the allegations set forth in Paragraphs a-g in the Prayer for Relief provided in Counterclaim Plaintiff's Counterclaims.

### AFFIRMATIVE DEFENSES

Counterclaim Defendant's Affirmative Defenses to Counterclaim Plaintiff's Counterclaims are listed below. Counterclaim Defendant reserves the right to supplement its Affirmative Defenses.

### FIRST AFFIRMATIVE DEFENSE

Counterclaim Plaintiff directly infringes, indirectly infringes, contributes to infringement or induces infringement of at least one of the valid and enforceable claims of the Patents-in-Suit, either literally or under the doctrine of equivalents. Because this action is in its early stages and discovery has not yet commenced, Counterclaim Defendant reserves the right to modify, supplement, amend and expand its affirmative defenses as more information becomes available.

### SECOND AFFIRMATIVE DEFENSE

The asserted claims of the Patents-in-Suit are valid. Because this action is in its early stages and discovery has not yet commenced, Counterclaim Defendant reserves the right to modify, supplement, amend and expand its affirmative defenses as more information becomes available.

## RELIEF REQUESTED IN RESPONSE TO COUNTERCLAIMS

WHEREFORE, having fully responded to the allegations contained in Defendant and Counterclaim Plaintiff's Counterclaims, Plaintiff and Counterclaim Defendant prays for the following:

(a) That the Counterclaims be dismissed with costs;

(b) That Plaintiff be granted the relief requested in its Complaint; and

(c) For such other and further relief as the Court may determine to be just and proper.

Dated: August 22, 2022                    Respectfully submitted,

SAND, SEBOLT & WERNOW CO., LPA

*/s/ Howard L. Wernow*
Howard L. Wernow (Bar No. 0089019)
Aegis Tower – Suite 1100
4940 Munson Street NW
Canton, Ohio 44718
Telephone: (330) 244-1174
Facsimile: (330) 244-1173
Email: howard.wernow@sswip.com

ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy has been electronically filed using the CM/ECF filing system, which automatically sends email notifications to all counsel of record and which will permit viewing and downloading of same from the CM/ECF system on August 22, 2022.

<i>/s/ Howard L. Wernow</i><br>
Howard L. Wernow